McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Pamela L. McGaha
Nevada Bar No. 8181
  *pamela.mcgaha@mccormickbarstow.com*
Sean E. Cortney
Nevada Bar No. 16218
  *sean.cortney@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:   (702) 949-1100
Facsimile:   (702) 949-1101

Attorneys for LIBERTY MUTUAL FIRE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACUITY INSURANCE and ROYAL REFRIGERATION, INC.<br><br>Defendants. | Case No. 2:24-cv-00684<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Liberty Mutual Fire Insurance Company ("Liberty Mutual") by and through its counsel of record of the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, hereby submits its Complaint for Declaratory Judgment against Acuity Insurance and its insured, Royal Refrigeration, Inc. (collectively "Defendants").

/ / /

/ / /

/ / /

/ / /

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

COMPLAINT FOR DECLARATORY RELIEF

## I. INTRODUCTION

1. Liberty Mutual brings this action to obtain a judgment declaring that, (a) the indemnity provisions of the contract between Liberty Mutual's insured, YESCO, LLC ("YESCO") and Acuity Insurance's insured, Royal Refrigeration, LLC ("Royal Refrigeration") apply and were operative at the time of the March 8, 2023 loss, and as such, under the terms of said contract, Royal Refrigeration, and ultimately Acuity Insurance have a duty to indemnify and defend YESCO as it pertains to the injuries sustained by Royal Refrigeration's employee, Richard Kline, as a result of the March 8, 2023 loss that gave rise to Mr. Kline's demand and (b) that YESCO is entitled to additional insured status under the Acuity Insurance policy.

2. The Acuity Insurance commercial general liability policy issued to Royal Refrigeration under policy number ZK9075 provides coverage for the injuries sustained by Mr. Kline in the underlying personal injury claim and demand because the contract between Royal Refrigeration and YESCO expressly and unambiguously requires Royal Refrigeration to obtain an insurance policy and name YESCO as an additional insured. The agreement further sets forth Royal Refrigeration's obligation to indemnify, defend and hold harmless YESCO and its affiliates in any way relating to or arising out of any claim, demand, or action arising out of Royal Refrigeration's negligence or wrongful acts or omissions in connection with the performance of work. Moreover, Royal Refrigeration's conduct and the scope of its continued business with YESCO after February 23, 2022, and at the time of the March 8, 2023 incident clearly establish that the main contract was operative and enforce. As described in depth below, the contract between YESCO and Royal Refrigeration, including the indemnity provisions, was operative and enforce at the time of the March 8, 2023 loss. Consequently, the Acuity Insurance policy provides coverage for Royal Refrigeration's employee's injuries as a result of the March 8, 2023 incident, and Acuity Insurance has a duty to indemnify and defend Liberty Mutual's insured, YESCO regarding the same. The contract between Royal Refrigeration and YESCO further requires Royal Refrigeration to secure and maintain additional insured status for and on behalf of YESCO under a commercial general liability policy obtained by Royal Refrigeration.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

## II. PARTIES

3. Liberty Mutual is an insurance corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. Liberty Mutual is authorized to and is actively conducting business in the State of Nevada.

4. Upon information and belief, Defendant, Acuity Insurance is and was at all times mentioned herein, a Foreign Corporation existing under the laws of the State of Wisconsin, with its principal place of business in Sheboygan, Wisconsin.

5. Upon information and belief, Defendant, Royal Refrigeration, LLC is and was at all times mentioned herein, a Domestic Corporation existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because diversity of citizenship exists between Liberty Mutual, on the one hand, and Defendants on the other, and because the amount in controversy exceeds $75,000.

7. This Court has specific personal jurisdiction over Acuity Insurance as this matter arises out of the Acuity Insurance's business activities in Las Vegas, Nevada. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (specific personal jurisdiction exists where there is an affiliation between the forum and the underlying controversy, such as activity or an occurrence that took place in the forum state). Acuity Insurance entered into a contracting agreement with Defendant, Royal Refrigeration, LLC for insurance services in Clark County, Nevada. Thus, Acuity Insurance purposefully availed itself of the laws and protections of the State of Nevada, thereby enabling this Court to establish specific personal jurisdiction.

8. This Court has personal jurisdiction over Royal Refrigeration as Royal Refrigeration is incorporated in the State of Nevada and Nevada is where it has its principal place of business. Additionally, this matter arises out of the Royal Refrigeration's business activities in Nevada.

9. This Court may declare the rights and other legal relations of Liberty Mutual, on the one hand, and Defendants on the other hand, pursuant to 28 U.S.C. § 2201 because an actual controversy exists between them within the jurisdiction of the Court regarding the nature and extent

of Royal Refrigeration, LLC and Acuity Insurance's obligations under its policy, with respect to the claims alleged against Liberty Mutual's insured, YESCO, LLC by Richard Kline in Liberty Mutual Claim No. P949-395099-01 in reference to the March 8, 2023 loss (hereinafter "the Kline March 8, 2023 loss").

10. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial portion of the acts or omissions giving rise to the request for Declaratory Judgment took place within this District and Defendants are subject to this court's personal jurisdiction with respect to the civil action in question.

## IV. FACTUAL BACKGROUND

### A. The Contractual Agreement Between Acuity Insurance's Insured and Liberty Mutual's Insured

11. Liberty Mutual is the general liability carrier for YESCO. Acuity Insurance is the general liability carrier for Royal Refrigeration. Royal Refrigeration entered into a contract with YESCO for vendor services effective February 23, 2020. The parties have been conducting business ever since and were still conducting business under the scope of this contract on the date of the March 8, 2023 incident involving claimant, Richard Kline.

12. The contract between YESCO and Royal Refrigeration expressly and unambiguously requires Royal Refrigeration to obtain an insurance policy and name YESCO as an additional insured. The agreement also sets forth Royal Refrigeration's obligation to indemnify, defend and hold harmless YESCO and its affiliates in any way relating to or arising out of any claim, demand, or action arising out of Royal Refrigeration's negligence or wrongful acts or omissions in connection with the performance of work. This contract and its indemnification clause are operative and were in effect on the date of the March 8, 2023, when the subject accident and loss occurred.

13. The express and unambiguous indemnification provisions within the contract imposes a duty on Acuity Insurance's insured to indemnify and defend YESCO. Specifically, sections M and N, on page 1 of 3 set forth Royal Refrigeration's obligation to indemnify, defend and hold harmless YESCO in instances such as the March 8, 2023 incident. The indemnification claim against Royal Refrigeration is triggered by Mr. Kline's allegations of negligence. Such

allegations are sufficient to trigger the indemnity provision of the contract. Accordingly, Acuity Insurance is required to defend and indemnify YESCO in the Kline March 8, 2023 loss. A true and correct copy of the "YESCO Independent Contractor Agreement" is attached hereto as **Exhibit** "**A**".

      **B.**      **The Kline March 8, 2023 Loss**

14.      The Kline March 8, 2023 loss triggered Royal Refrigeration's obligation to indemnify, defend and hold harmless YESCO.

15.      On March 8, 2023, Royal Refrigeration's employee, Richard Kline, while in the course and scope of his employment for Royal Refrigeration was preparing to install swamp coolers on the roof of a premises owned by YESCO. Mr. Kline is alleged to have stepped on a skylight and fallen to the floor below resulting in substantial injuries.

16.      On May 11, 2023, Mr. Kline's counsel sent a demand for settlement addressed to Liberty Mutual pertaining to the injuries Mr. Kline is alleged to have sustained as a result of the March 8, 2023 incident. Mr. Kline's counsel requested a response to the demand for settlement in thirty days from the date of the demand. A true and correct copy of Mr. Kline's Demand for Settlement is attached hereto as **Exhibit** "**B**".

17.      On June 2, 2023, Liberty Mutual sent correspondence to Acuity Insurance informing them of the claim and settlement demand brought forth by Mr. Kline. Liberty Mutual also provided a copy of the contract between YESCO and Royal Refrigeration and Royal Refrigeration's obligation to indemnify, defend and hold harmless YESCO with regards to the Kline March 8, 2023 loss. This correspondence served as a formal tender of defense and indemnity and Liberty Mutual respectfully requested that Acuity Insurance report the Kline March 8, 2023 loss to its CGL carrier immediately given the time sensitive nature of Mr. Kline's demand. Liberty Mutual further requested confirmation of Acuity Insurance's acceptance of the tender in writing within twenty-one days of this correspondence. A true and correct copy of Liberty Mutual's First Request for Tender of Defense and Indemnity is attached hereto as **Exhibit** "**C**".

18.      On June 20, 2023, Acuity Insurance sent correspondence responding to Liberty Mutual's request for tender and indemnity as required by the indemnification clause in the contract between its insured, Royal Refrigeration and YESCO. In its correspondence, Acuity Insurance

acknowledged that there is an agreement between YESCO and Royal Refrigeration that was executed on February 23, 2020, and that the contract includes a "continuing effect" clause that specifies that in the event Royal Refrigeration furnishes services or materials to YESCO after the term of the agreement, such services and materials so provided shall be subject to all of the terms and conditions of the main contract and agreement. Acuity Insurance also acknowledged the contract's "conflicting terms" clause that provides that the terms in the "Exhibit A" to the main agreement between YESCO and Royal Refrigeration shall only be controlling over any contrary terms of the main agreement. Acuity Insurance then, however, incorrectly interpreted the terms of the agreement and the applicability of the terms in "Exhibit A" to arrive at the incorrect conclusion that a contract did not exist between YESCO and Royal Refrigeration at the time of the Kline March 8, 2023 loss, and thus there is no obligation on the part of Royal Refrigeration to provide defense nor indemnity to YESCO. Acuity Insurance denied Liberty Mutual's request for tender of defense and indemnity on these grounds and its inaccurate conclusion that an implied conflict exists merely because the "or after" language is not contained in "Exhibit A". A true and correct copy of <u>Acuity Insurance's Denial of Tender</u> is attached hereto as **Exhibit** "**D**".

19. On December 7, 2023, Liberty Mutual sent correspondence to Acuity Insurance responding to its denial of tender and providing a detailed analysis of the contract between YESCO and Royal Refrigeration, the operable and valid indemnification provision that sets out Royal Refrigeration's obligation to indemnify YESCO in the Kline March 8, 2023 loss, as well as YESCO and Royal Refrigeration's conduct and ongoing business relationship before, after, and during the March 8, 2023 incident. On this basis, Liberty Mutual again requested tender of defense and indemnity regarding the Kline March 8, 2023 loss on behalf of its insured, YESCO. Acuity Insurance did not respond to Liberty Mutual's correspondence and its request for tender of defense and indemnity. A true and correct copy of <u>Liberty Mutual's Second Request for Tender and Response from Acuity</u> is attached hereto as **Exhibit** "**E**".

20. On January 8, 2024, Liberty Mutual again sent correspondence to Acuity Insurance following up on its previous correspondence and request for tender of defense and indemnity on behalf of its insured, YESCO. To date, Liberty Mutual's tender has not been accepted by Acuity

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

6
COMPLAINT FOR DECLARATORY RELIEF

Insurance. A true and correct copy of Liberty Mutual's Third Request for Tender and Response from Acuity is attached hereto as **Exhibit** "**F**".

### C. The "Continuing Effect/Conflicting Terms" and "Exhibit A's" Effect on the Main Contract Between YESCO and Royal Refrigeration

21. There was an express contractual agreement between Royal Refrigeration and YESCO that was operable and enforce at the time of the March 8, 2023 loss, including all indemnification provisions. The contract expressly and unambiguously requires Royal Refrigeration to obtain an insurance policy and name YESCO as an additional insured. The indemnity clause within the contract further imposes a duty on Acuity Insurance's insured to indemnify and defend YESCO. The indemnity clause applies both to any services and materials Royal Refrigeration furnishes to YESCO during the term of the agreement, as well as any services and materials Royal Refrigeration furnishes to YESCO after the term of the agreement.

22. The Acuity Insurance commercial general liability policy issued to Royal Refrigeration under policy number ZK9075 provides coverage for the injuries sustained by Mr. Kline in the underlying personal injury claim and demand and Acuity Insurance has a duty to indemnify and defend YESCO regarding the Kline March 8, 2023 loss.

23. Acuity Insurance denied Liberty Mutual's request for tender of defense and indemnity based on its erroneous conclusion that a contract did not exist between YESCO and Royal Refrigeration at the time of the Kline March 8, 2023 loss. It arrived at its conclusion by inferring that an implied conflict between the terms and provisions of the main contract and "Exhibit A" exists.

24. A conflict, express, implied or otherwise, does not exist between the terms of the main agreement and "Exhibit A". Both documents establish that "Exhibit A" is only controlling where there is a conflict between the terms of the agreement and "Exhibit A"; however, there are no terms in "Exhibit A" that conflict with the "or after" language in the contract. Neither provision is in conflict as both terms can be accomplished harmoniously.

25. Section V, on page 3 of 3, titled "Continuing Effect/Conflicting Terms" clearly and unambiguously sets out that:

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

7
COMPLAINT FOR DECLARATORY RELIEF

> In the event [Royal Refrigeration] furnishes services or materials to YESCO during the **term of the agreement**, **or** **after**, not pursuant to this agreement or another written agreement between the parties, such services and materials so provided shall be subject to all of the terms and conditions in this agreement. The terms of this agreement shall control over any conflicting provision in a purchase order, work authorization, or similar document issued in furtherance of this agreement; provided, however, that any terms in Exhibit A to this agreement shall be controlling over any contrary terms in this agreement.

26. With regards to the "term of the agreement" referenced in Section V, "Exhibit A" provides that:

> YESCO and [Royal Refrigeration] are entering into this Independent Contractor Agreement with the intent and understanding that it will serve as a master agreement for all projects which YESCO engages [Royal Refrigeration] for a period of two (2) years from the date of the Agreement.

27. It is clear that the provision in the main agreement sets forth two distinct terms, one relating to the "term of the agreement", and the other relating to "after" the term of the agreement. It is also clear that "Exhibit A" merely sets out the "term of the agreement" as "a period of two (2) years from the date of the Agreement". "Exhibit A's" silence on the additional term immediately thereafter that relates to events that transpire "after" the term of the agreement, does not in any way constitute a conflict nor does it offer any evidence whatsoever that the omission is intended to repudiate the "or after" provision.

28. Both documents were executed contemporaneously. Thus, it is unreasonable to suggest that an express term of one contract, not otherwise specifically addressed and repudiated in the companion document, is not operative simply because a similar term is omitted from the companion document. Instead, the term of the agreement (a period of two (2) years from the date of the Agreement) is distinct and separate from the additional "or after" term provided in the main contract. Simply stated, one term has nothing to do with the other.

29. An implied conflict also does not exist merely because the "or after" language is not contained in "Exhibit A". Such silence does not amount to a "conflict" between the language of the two documents under Nevada law. "Exhibit A's" silence as to this additional term does not suggest that this term is not valid. A reading of the contract's precise language confirms the same.

30. The unambiguous terms of the contract set forth two distinct terms that can be

accomplished harmoniously, thus the main agreement and indemnity provisions of the contract were operable and enforce at the time of the Kline March 8, 2023 loss. The additional term set forth in the main contract that the contract shall apply to services and materials furnished after the term of the agreement is unaffected by the language, or lack thereof, of "Exhibit A".

31. The language of the contract clearly expresses the intentions of the parties to be bound by the agreement during the two year period and for any business that would take place between the parties after the two years.

32. This is further supported by Royal Refrigeration's conduct and the scope of its continued business with YESCO after February 23, 2022, and under the terms of the main agreement.

33. YESCO and Royal Refrigeration were conducting business under the scope of the main contract on the date of the March 8, 2023 incident. Therefore, in addition to the express contractual agreement that was binding and enforce the day of the Kline March 8, 2023 loss, there was also an implied contract manifested by Royal Refrigeration's conduct.

34. Royal Refrigeration's continuation of conducting business with YESCO under the same terms of the main contract provides evidence of its contractual intent and the parties' exchange of mutual promises. Accordingly, even if "Exhibit A" is expired, which Liberty Mutual maintains it was not, the main contract clearly is not as Royal Refrigeration is still performing work under the terms of the main contract with YESCO.

35. Given that work was ongoing and there is no subsequent agreement between the parties that redefines the relationship, the terms of the main contract and indemnification language are operative and Acuity Insurance's insured, Royal Refrigeration is obligated to tender defense and indemnify Liberty Mutual's insured, YESCO.

36. Liberty Mutual has attempted to resolve this issue with Acuity Insurance; however, Acuity Insurance has been unresponsive to Liberty Mutual's continued efforts to resolve this issue without court intervention.

37. Based on the clear, unambiguous express terms of the contract, as well as Royal Refrigeration's conduct and its continued business relationship with YESCO, Acuity Insurance, on

behalf of its insured, Royal Refrigeration, is obligated to tender defense and indemnify Liberty Mutual's insured, YESCO as it pertains to the Kline March 8, 2023 loss.

## V. FIRST CAUSE OF ACTION

**(Declaratory Relief – Acuity Insurance on behalf of its insured, Royal Refrigeration has a duty to defend and indemnify Liberty Mutual's insured, YESCO)**

38. Liberty Mutual incorporates by reference all allegations in paragraphs 1 through 37 as though set forth fully herein.

39. Liberty Mutual seeks an adjudication that Acuity Insurance, on behalf of Royal Refrigeration owes a duty to defend Liberty Mutual's insured, YESCO as it pertains to the March 8, 2023 incident and loss suffered by Royal Refrigeration's employee, Richard Kline. Liberty Mutual further seeks an adjudication that Acuity Insurance, on behalf of Royal Refrigeration owes a duty to indemnify Liberty Mutual's insured, YESCO for any judgment, award, settlement, or other recovery obtained by any party in connection with or deriving from the events giving rise to the Kline March 8, 2023 loss.

38. Acuity Insurance disputes the contentions set forth in paragraph 39 above. Thus, Liberty Mutual has an interest in obtaining a declaration of its rights and duties with respect to the Kline March 8, 2023 loss.

39. An actual controversy now exists between Liberty Mutual and Acuity Insurance, as well as its insured, Royal Refrigeration, regarding their respective rights and obligations under the Royal Refrigeration and YESCO contract and indemnity provisions, as well as the Acuity Insurance commercial general liability policy number ZK9075 issued to Royal Refrigeration. Liberty Mutual contends a defense, indemnification, and liability coverage are afforded for the reasons listed in paragraphs 1 through 37. Upon information and belief, Acuity Insurance disputes that contention. Liberty Mutual does not have an adequate remedy at law to otherwise resolve this controversy.

40. Resolution of the underlying the Kline March 8, 2023 loss will not resolve the outstanding coverage issue because that action involves separate and distinct tort issues. Accordingly, a declaration of the parties' rights and duties is necessary and appropriate at this time.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Liberty Mutual prays as follows:

1. For a judicial declaration that Acuity Insurance, on behalf of its insured, Royal Refrigeration has a duty to defend and indemnify Liberty Mutual's insured, YESCO pursuant to the indemnity provisions of the contract between Royal Refrigeration and YESCO, and Royal Refrigeration's Commercial Liability Policy No. ZK9075 with Acuity Insurance, or any other policy for the claims and damages alleged in the Kline March 8, 2023 loss;

2. For a judicial declaration that Liberty Mutual has a right to reimbursement for attorneys' fees, costs, and sums incurred by Liberty Mutual for the purpose of defending YESCO in the Kline March 8, 2023 loss;

3. For costs of suit herein incurred; and

4. For such other and further relief as the Court deems just and proper.

DATED this 8th day of April, 2024

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By  /s/ Jonathan W. Carlson
Jonathan W. Carlson
Nevada Bar No. 10536
Pamela L. McGaha
Nevada Bar No. 8181
Sean E. Cortney
Nevada Bar No. 16218
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Tel. (702) 949-1100

Attorneys for LIBERTY MUTUAL FIRE INSURANCE COMPANY

9628545.1