# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Liberty Mutual Fire Insurance Company,

    Plaintiff

v.

Acuity A Mutual Insurance Company and Royal Refrigeration, Inc.,

    Defendants

Case No.: 2:24-cv-00684-JAD-DJA

**Order Directing Supplemental Briefing on Summary-Judgment Issue**

A central issue in this insurance-coverage action is whether YESCO, LLC qualifies as an additional insured under the terms of Royal Refrigeration Inc.'s commercial general-liability policy issued by Acuity A Mutual Insurance Company. The key definition is found in this endorsement CG-2033 R (6-13):

> 1. Section II - Who Is An Insured is amended to include as an additional insured:
>
>    a. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
>
>    b. Any other person or organization you are required to add as an additional insured under the contract or agreement described in paragraph a above.
>
> Such person or organization is an additional insured only with respect to liability for *bodily injury, property damage* or *personal and advertising injury* caused, in whole or in part, by:
>
>    a. Your acts or omissions; or
>
>    b. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

The bulk of argument in the parties' cross-motions for summary judgment is devoted to the first half of that definition and whether or not there was a qualifying written contract or writing that required YESCO to be named as an additional insured. But the second half of this provision has gone ignored. That second half appears to narrow or clarify the additional-insured coverage by stating that it only applies to such damages "caused . . . by" Royal Refrigeration's "acts or omissions" or "[t]he acts or omissions of those acting on [Royal's] behalf."[1] Yet the personal-injury suit that underlies this coverage action alleges that the cause of the damages for which coverage is sought was not Royal, but rather YESCO. So even if this court were to conclude that YESCO qualifies as an additional insured under the first half of this definition, the second half may disqualify it. Supplemental briefing is needed to answer this question.

IT IS THEREFORE ORDERED that Liberty Mutual has until June 16, 2025, to file a supplemental brief in support of its motion for summary judgment, no more than seven pages long, addressing how the following provision impacts the coverage question in this case:

> Such person or organization is an additional insured only with respect to liability for *bodily injury, property damage* or *personal and advertising injury* caused, in whole or in part, by:
> a. Your acts or omissions; or
> b. The acts or omissions of those acting on your behalf;
> in the performance of your ongoing operations for the additional insured.

Acuity will then have until June 20, 2025, to file a response brief in support of its motion for summary judgment of no more than seven pages addressing the same question. No further briefing will be entertained.

_____
U.S. District Judge Jennifer A. Dorsey
June 11, 2025

---

[1] ECF No. 20-1 at 119 (Endorsement CG-2033 R (6-13)).